## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HEALTHIER CHOICES MANAGEMENT CORP., | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-04816-TCB |
| PHILIP MORRIS USA, INC. and PHILIP MORRIS PRODUCTS S.A., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## JOINT MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS (D.E. 31)

Plaintiff Healthier Choices Management Corp. ("Healthier Choices") and Defendants Philip Morris USA, Inc. and Philip Morris Products S.A. ("Defendants") (collectively, the "Parties") respectfully move to stay this case until the Court resolves the issues raised in Defendants' February 25, 2021 pending motion to dismiss ("Defendants' Motion"). D.E. 31. The requested stay will conserve the Court's and the Parties' resources. In light of such judicial efficiency and conservation of the Parties' time and resources, this Court regularly stays patent litigation cases when there is a pending motion to dismiss. The Parties respectfully request that the Court likewise do so here.

## I.        Procedural History and Relief Requested

On November 30, 2020, Plaintiff Healthier Choices filed this patent infringement action, accusing Defendants of infringing U.S. Patent No. 10,561,170. *See generally* D.E. 1.  On February 25, 2021, Defendants moved to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  D.E. 31.

On March 10, 2021, the Court granted an eleven-day extension to file both Healthier Choices' Response to Defendants' Motion, and Defendants' Reply to Healthier Choices' Response.  *See* D.E. 35.  The current deadline for the Parties to serve their Fed. R. Civ. P. 26(a)(1) initial disclosures and file their Joint Preliminary Report and Discovery Plan is March 29, 2021.  The Parties have not yet held their Rule 26(f) conference.  Both Parties agree as follows:

1.   The Parties request a stay of all deadlines imposed by the Court's Local Civil Rules, Local Patent Rules, and the Court's Standing Order until the Court resolves the issues raised in Defendants' Motion.

2.   When the Court decides Defendants' Motion (D.I. 31) on the merits, the stay will be lifted.  If the Court denies the motion, Defendants' responsive pleading would be due 30 days after a denial of Defendants' Motion.  If the Court grants Defendants' Motion and Plaintiff's request for leave to

LEGAL\51645150\1

amend, Plaintiff's Amended Complaint would be due 30 days after granting Defendants' Motion.

## II.     Basis for the Parties' Request

"District courts are entitled to broad discretion in managing pretrial discovery matters." *Darwin v. Nicholson*, 221 F. App'x 918, 919 (11th Cir. 2007) (citing *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005)); *see U.S. v. RF Properties of Lake County, Inc*., 433 F.3d 1349 (11th Cir. 2005) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999)) ("The district court's discovery decisions are reviewed for abuse of discretion."). Granting a stay until a motion to dismiss is resolved is a "proper exercise" of the court's "responsibility to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources." *Rivas v. The Bank of New York Mellon*, 676 Fed. Appx. 926, 932 (11th Cir. 2017).

A stay of discovery proceedings is appropriate where the movant can show "good cause and reasonableness." *Hall v. Progressive Premier Ins. Co.*, No. 1:19-CV-040 (LAG), 2019 U.S. Dist. LEXIS 199285, at *2 (M.D. Ga. Aug. 26, 2019). Federal courts "routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Hester v. UMR Ins. Co.*, No. 5:16-cv-82, 2016 U.S. Dist. LEXIS 144082 (S.D. Ga. Oct. 18, 2016); *Berry v. Canady*, No. 2:09-cv-765-

3

FtM-29SPC, 2011 U.S. Dist. LEXIS 27088, at *2 (M.D. Fla. Mar. 2, 2011) (*citing*

*Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor

the court have any need for discovery before the court rules on the motion [to

dismiss]").  Furthermore, a stay of this case is reasonable under the circumstances

and would not unfairly prejudice the litigants.  *Moseley v. Sessions,* No. 2:16-cv-

153, 2017 U.S. Dist. LEXIS 66080, at *5 (S.D. Ga. May 1, 2017) (granting a motion

to stay where good cause shown and the delay in discovery would not prejudice the

Plaintiff).

      The matter is in the initial stages, and all parties agree a stay is appropriate.

The Parties believe that the requested stay will best conserve the Court's and the

Parties' resources.  *Branch Banking & Tr. Co. v. Hamby*, No. 2:15-cv-115, 2015

U.S. Dist. LEXIS 196283, at *11 (S.D. Ga. Nov. 9, 2015); *see Chudasama v. Mazda*

*Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (discussing the costs and burdens

associated with discovery on plaintiffs and defendants); *Arriaga-Zacarias v. Lewis*

*Taylor Farms, Inc.*, No. 7:08-CV-32(HL), 2008 U.S. Dist. LEXIS 80216, at *5

(M.D. Ga. Oct. 10, 2008) (finding that good cause exists for staying discovery

because the benefit outweighs any potential prejudice that will result from the stay).

Because Defendants have not yet answered Healthier Choices' Complaint, it would

be inefficient and difficult for the Parties to prepare the detailed disclosures that the

Local Civil Rules and Local Patent Rules require.  In addition, the discussions required by the Local Civil Rules and the Court's Standing Order will be premature or, at a minimum, less productive.  Further, the Parties will likely have difficulty agreeing on a proposed case schedule until the issues raised in Defendants' Motion have been resolved.

The requested extensions will make the joint reporting obligations more meaningful and efficient for the Parties and the Court, and such extensions are not sought for the purposes of delay.  A stay will focus the case, set a schedule, and position the case for resolution.  Recognizing these efficiencies, this Court has granted stays in analogous patent litigation matters.  For example, in *Accelerated Memory Tech, LLC v. Barracuda Networks, Inc.*, No. 2:18-cv-0175-RWS, the Court granted a stay pending resolution of the defendant's motion to dismiss.  The same was true in *SendSig, LLC v. Square, Inc.*, 1:19-cv-03733-JPB (D.E. 20) (Oct. 30, 2019), *Nissei ASB Co. v. R&D Tool & Engineering Co.*, No. 1:18-cv-00553-TCB (Apr. 9, 2018), and *Pollard Banknote Ltd. P'ship v. Sci. Games Int'l Inc.*, No. 1:10-cv-0621-WSD (D.E. 40) (Jan. 19, 2011), where the Court again granted stays pending resolution of motions to dismiss.  Here, too, the Parties respectfully believe that a stay pending resolution of the issues raised in Defendants Motion will conserve resources and promote efficiency.

### III.   Conclusion

The Parties respectfully request the Court grant the Joint Motion to Stay pending resolution of Defendants' Motion and enter their proposed order.

A proposed order is attached hereto for the Court's consideration and entry.

Dated:  April 1, 2021                    Respectfully submitted,


s/Alycen Moss                            s/Henry D. Fellows, Jr.
Alycen Moss                              Henry D. Fellows, Jr.
Georgia Bar No. 002598                   Georgia Bar No. 257825
COZEN O'CONNOR                           Michael C. Gretchen
1230 Peachtree Street, NE, Suite 400     Georgia Bar No.  522171
Atlanta, GA 30309                        FELLOWS LABRIOLA LLP
Telephone: (404) 572-2000                Suite 2300
amoss@cozen.com                          South Tower Peachtree Center
                                         225 Peachtree Street, N.E.
Barry P. Golob (admitted *pro hac*       Atlanta, GA 30303
*vice*)                                  Telephone: (404) 586-9200
Aaron S. Lukas (admitted *pro hac*       hfellows@fellab.com
*vice*)                                  mgretchen@fellab.com
Eric Levi (admitted *pro hac vice*)
Lynnette D. Espy-Williams                Maximilian A. Grant (admitted *pro hac vice*)
Georgia Bar No.  246106                  LATHAM & WATKINS LLP
COZEN O'CONNOR                           555 Eleventh Street, N.W.
1200 Nineteenth Street, NW               Suite 1000
Washington, D.C. 20036                   Washington, DC 20004
Telephone: (202) 912-4800                Telephone: (202) 637-2200
bgolob@cozen.com                         maximilian.grant@lw.com
alukas@cozen.com
elevi@cozen.com
lespy-williams@cozen.com

*Attorneys for Plaintiff Healthier Choices Management Corp.*

Richard L. Frenkel (admitted *pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 463-3080
rick.frenkel@lw.com

*Attorneys for Defendant Philip Morris Products S.A.*

/s/ Charles A. Pannell, III
Charles A. Pannell, III
Georgia Bar No. 141535
ADDYHART P.C.
Suite 130
10 Glenlake Parkway
Atlanta, GA 30328
Telephone: (770) 715-2020
cpannell@addyhart.com

Brian Ferguson (admitted *pro hac vice*)
Stephen P. Bosco (admitted *pro hac vice*)
WEIL GOTSHAL & MANGES, LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
brian.ferguson@weil.com
stephen.bosco@weil.com

Elizabeth S. Weiswasser (admitted *pro hac vice*)
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8159
elizabeth.weiswasser@weil.com

*Attorneys for Defendant Philip Morris
USA, Inc.*

8

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D the undersigned hereby certifies that the foregoing document has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in L.R. 5.1C.

*/s/ Alycen Moss*
Alycen Moss

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on April 1, 2021, the foregoing document was filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all counsel of record.


*/s/ Alycen Moss*
Alycen Moss