**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HEALTHIER CHOICES MANAGEMENT CORP.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PHILIP MORRIS USA, INC. and PHILIP MORRIS PRODUCTS S.A.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-04816-TCB |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285**

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 3

III.  LEGAL STANDARDS ............................................................................. 7

IV.  ARGUMENT ............................................................................................ 8

    A.  Defendants Are The Prevailing Parties .......................................... 8

    B.  HCM's Meritless Infringement Position and
       Unreasonable Litigation Conduct Were "Exceptional" ..................... 9

    C.  The Court Should Award $639,043 Under § 285 ............................ 12

V.  CONCLUSION ......................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*AdjustaCam, LLC v. Newegg, Inc.*,
    861 F.3d 1353 (Fed. Cir. 2017) .......................................................................10

*Albemarle Paper Co. v. Moody*,
    422 U.S. 405 (1975) ........................................................................................13

*B.E. Tech., L.L.C. v. Facebook, Inc.*,
    940 F.3d 675 (Fed. Cir. 2019) ...........................................................................8

*Bayer CropScience AG v. Dow AgroSciences LLC.*
    851 F.3d 1302 (Fed. Cir. 2017) ..................................................................11, 12

*Blackbird Tech LLC v. Health in Motion LLC*,
    944 F.3d 910 (Fed. Cir. 2019) ......................................................................9, 10

*Blum v. Stenson*,
    465 U.S. 886 (1984) ........................................................................................15

*Cartner v. Alamo Group, Inc.*,
    561 F. App'x. 958 (Fed. Cir. 2014) .................................................................12

*Dillard v. City of Greensboro*,
    213 F.3d 1347 (11th Cir. 2000) .......................................................................15

*Eltech Systems Corp. v. PPG Indus., Inc.*,
    903 F.2d 805 (Fed. Cir. 1990) .........................................................................10

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
    15 F.4th 1378 (Fed. Cir. 2021) .......................................................................14

*Griffith v. McDonough*,
    No. 20-14464, 2021 WL 4461605 (11th Cir. Sept. 29, 2021)...........................14

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ........................................................................................15

*Henson v. Columbus Bank & Trust Co.*,
    770 F.2d 1566 (11th Cir. 1985) ........................................................................ 15

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F.3d 1372 (Fed. Cir. 2017) ....................................................................... 14

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
    811 F.3d 479 (Fed. Cir. 2016) ...................................................................... 9, 14

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
    76 F.3d 1178 (Fed. Cir. 1996) .......................................................................... 8

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988) ........................................................................ 13

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
    726 F.3d 1359 (Fed. Cir. 2013) ....................................................................... 14

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
    676 F. App'x 967 (Fed. Cir. 2017) ................................................................... 14

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 542 (2014) ................................................................................ 7, 8, 9

*Phonometrics, Inc. v. Westin Hotel Co.*,
    350 F.3d 1242 (Fed. Cir. 2003) ...................................................................... 16

*Pirri v. Cheek*,
    851 F. App'x 183 (Fed. Cir. 2021) ................................................................... 16

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
    378 F.3d 1396 (Fed. Cir. 2004) ........................................................................ 8

*Rothschild Connected Devices Innovations, LLC v. Guardian
    Protective Servs., Inc.*,
    858 F.3d 1383 (Fed. Cir. 2017) ...................................................................... 11

*Route1 Inc. v. AirWatch LLC*,
    Civil Action No. 17-cv-331 (KAJ) 2020 WL 1955436 (D. Del.
    Apr. 23, 2020) .......................................................................................... 12

*Serricchio v. Wachovia Sec., LLC,*
  258 F.R.D. 43 (D. Conn. 2009) ......................................................................15

*Willis v. U.S. Postal Serv.,*
  245 F.3d 1333 (Fed. Cir. 2001) ....................................................................14

## Statutes

28 U.S.C. § 1927 ...............................................................................................16

35 U.S.C. § 285 ..........................................................................................*passim*

## Other Authorities

FED. R. APP. 4(a)(4)(B)(i) ...................................................................................7

FED. R. CIV. P. 54(C) .........................................................................................13

FED. R. CIV. P. 54(d)(2)(B) ................................................................................12

## I.   <u>INTRODUCTION</u>

Plaintiff HCM's implausible patent infringement allegations, refuted by U.S. Food and Drug Administration documents which its lawyers reviewed and attached to its Complaint, make this case "exceptional," standing out even in the realm of unsuccessful patent suits.  To recoup a portion of their expenses needlessly incurred defending against this suit, Defendants Philip Morris Products S.A. ("PMPSA") and Philip Morris USA, Inc. ("PMUSA") respectfully request an award of their attorneys' fees and costs pursuant to 35 U.S.C. § 285 and Federal Rule of Civil Procedure 54.

From day one, HCM's infringement theory has hinged on the false notion that Defendants' "heat-not-burn" IQOS system combusts tobacco.  As HCM acknowledged, its asserted patent is limited to electronic pipes that, among other necessary features, "initiate a combustion reaction."  D.I. 1 ¶¶24-25.  Thus, the cornerstone of HCM's Complaint was its allegation that "[o]n information and belief, [using IQOS] results in combustion."  D.I. 1 ¶46.  That statement was, and is, knowingly baseless.

HCM not only knew of, but ***attached to its Complaint*** multiple documents that unequivocally contradict its allegations of combustion.  Those documents, which were submitted to and/or written by the FDA, explain that "[n]o combustion

1

takes place in" IQOS, and note that IQOS was designed to operate "in a manner that avoids combustion."  D.I. 42 at 15-17 (citing D.I. 1-2, 1-10).  As the Court correctly concluded, those exhibits to the Complaint "***directly refute[]*** [HCM's] allegations" of infringement, and required dismissal of HCM's claims as implausible.[1]  *Id.* at 15.

Following the dismissal of its claims, HCM ignored the Court's warning that "based on the clear and unambiguous language of HCM's exhibits . . . any attempt to overcome any pleading deficiencies would be futile."  Dkt. 42 at 22.  Instead, HCM further wasted the Court's judicial resources, and those of Defendants, by moving for leave to file an amended complaint.  But HCM did not—and could not— correct the fundamental flaw in its allegations:  "the existence of the FDA Documents which ***directly contradict*** HCM's infringement claims."  D.I. 52 at 13. Instead, HCM "simply remov[ed] reference to the FDA Documents as a citation, while retaining the foregoing substance without citation."  *Id.* at 8.  As a result, the Court found a second time that "the FDA Documents ***directly refute*** HCM's claim that combustion occurs in the IQOS device," denied leave to amend, and closed this case.  *Id.* at 12.

---

[1] All emphases added except where otherwise noted.

HCM's persistent assertion of an infringement theory that was squarely contradicted by its own submitted evidence constitutes "exceptional" conduct and goes well beyond zealous advocacy. Defendants therefore request the Court to award Defendants their reasonable attorneys' fees, non-taxable expenses, and costs which they have incurred in the defense of this frivolous action.[2]

## II.   **FACTUAL BACKGROUND**

Throughout this case, HCM has steadfastly refused to acknowledge that the central allegation of its Complaint—that IQOS "combusts"—is not only false, but contrary to "the clear and unambiguous language of HCM's exhibits." D.I. 42 at 22.

HCM sued on November 30, 2020, alleging that Defendants' IQOS system infringes U.S. Patent No. 10,561,170 (the '170 patent). Every asserted claim of the '170 patent requires combustion. Independent claim 1 recites "[a]n electronic pipe, comprising . . . initiating a *combustion* reaction." D.I. 1 ¶ 24. And the second independent claim (of two), claim 5, recites "[a] method of at least partially *combusting* a combustible material," including "initiating . . . a *combustion* reaction." *Id.* ¶25. Perhaps hoping to shield itself from its implausible assertion that IQOS meets those limitations, HCM repeatedly alleged that "combustion occurs

---

[2] With this motion, Defendants provide a summary of fees. *See* note 6.

when [IQOS] is operated as designed and intended" "[o]n information and belief." *Id.* ¶46; *see also id.* ¶52 ("On information and belief . . . an IQOS Tobacco Stick generates a combustion reaction.").

On February 12, 2021, Defendant PMPSA sent a detailed letter to HCM explaining specifically why IQOS does not initiate a combustion reaction and requesting that HCM dismiss this baseless litigation. D.I. 45-9 at 1. PMPSA attached a supporting 10-page declaration, sworn under penalty of perjury, with 80-pages of supporting exhibits from a PMPSA scientist that further explained how HCM's allegations were refuted by their own documents. D.I. 45-10. The declaration pointed out, for example, that HCM's supposed evidence of combustion comes from a section of an FDA document titled "*Absence of Combustion*." *Id.* at ¶¶ 28-29. But HCM persisted in pressing its claims and *never* provided a substantive response to the February 12, 2021 disclosure, instead entirely ignoring it.[3]

Defendants then moved to dismiss HCM's Complaint under Rule 12(b)(6), noting for the Court that HCM's allegations of combustion were not only incorrect, but implausible because they were expressly contradicted by the documents that HCM cited in and attached to the Complaint. D.I. 31. Defendants highlighted two

---

[3] HCM also ignored PMUSA's letter dated February 16, 2021, reiterating the points made in PMPSA's February 12 letter.

documents submitted by HCM that refuted any allegation of combustion: (1) HCM's Exhibit J, a 200-page summary of Defendants' extensive, multi-year, scientific analysis of IQOS, which PMPSA submitted to the FDA to demonstrate that IQOS's heat-not-burn technology reduced harmful chemicals associated with combustion; and (2) HCM's Exhibit B, a press release by the FDA announcing that it had authorized marketing of IQOS in the United States.  D.I. 31-1 at 10.

The Court agreed with Defendants that these documents "directly refute[]" HCM's allegations of combustion.  D.I. 42, at 15.  The Court found that Exhibit J repeatedly states that "[*n*]*o combustion takes place* in" IQOS and "points to several lines of evidence demonstrating that *there is no combustion* in the IQOS device." *Id.* at 15-16 (quoting D.I. 1-10 at 20 (emphasis in original), 41-42).  Instead, as Defendants urged, the Court noted that Exhibit J explains "that the IQOS device generates a nicotine-containing aerosol by heating the tobacco *in a manner that avoids combustion*." *Id.* at 16-17 (quoting D.I. 1-10 at 20, 21).  Similarly, the Court found that HCM's Exhibit B explains that "[o]ne goal of the FDA's authorization of these heat-not-burn devices was to 'completely move adult smokers away from use of combustible cigarettes.'"  *Id.* at 2 (quoting D.I. 1-2 at 2-3).  Because HCM's allegations were refuted by their own exhibits, the Court concluded that "HCM's averments that the IQOS device requires a combustion reaction are implausible,"

and granted Defendants' motion to dismiss on July 23, 2021. *Id.* at 4, 23. The Court "surmise[d] based on the clear and unambiguous language of HCM's exhibits that any attempt to overcome any pleading deficiencies would be futile." D.I. 42 at 22.

Defying the Court's warning, HCM refused to dismiss its case, instead filing a motion for leave to amend, this time omitting Exhibits B and J.[4] D.I. 47. But, rather than move away from its implausible allegations, HCM's proposed amended complaint "simply remov[ed] reference to the FDA Documents as a citation, while retaining the foregoing substance without citation." D.I. 52 at 8.

In view of HCM's proposed amended complaint, the Court maintained "its original conclusion: HCM *has not plausibly alleged* that the IQOS device practices a combustion reaction, and because of the existence of the FDA Documents which *directly contradict* HCM's infringement claims, any amendment would necessarily

---

[4] HCM also ignored Defendants' continuing efforts to resolve the case without further Court intervention. On July 27 and 28, 2021, just days after the Court's dismissal, PMPSA and PMUSA each, a second time, asked HCM to not press forward with "making factual contentions refuted by its existing pleadings and that it knows lack evidentiary support" and offering to forgo any motion to recover attorneys' fees if HCM did so. D.I. 45-11. As with the February letters, HCM failed to acknowledge receipt of the letters, much less respond.

be futile." D.I. 52 at 13.  In light of these documents, which "*entirely refute*[] HCM's infringement claims," the Court denied HCM's motion and closed the case.[5]

### III.   <u>LEGAL STANDARDS</u>

The fee-shifting provision of the Patent Act provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  Section 285 "imposes no specific evidentiary burden, much less [] a high one."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 542, 557 (2014).  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both governing law and the facts of the case) or the unreasonable manner in which a case was litigated." *Id.* at 554.

A party's unreasonable conduct need not be "independently sanctionable" under Federal Rule of Civil Procedure 11 to nonetheless be "so 'exceptional' as to justify an award of fees."  *Id.* at 555.  Instead, "a case presenting *either* subjective bad faith *or exceptionally meritless claims* may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*  A district court may determine whether

---

[5] HCM's notice of appeal (D.I. 55) does not affect the Court's consideration of this motion, as that notice does not "become[] effective to appeal a judgment or order" until the Court issues an order resolving this motion. FED. R. APP. 4(a)(4)(B)(i).

a case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 554.

## IV.   ARGUMENT

### A.   Defendants Are The Prevailing Parties

Defendants are the prevailing parties, under a "straightforward" analysis, as they "w[on] completely on every claim at issue." *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004).[6]   HCM brought only one claim, for alleged infringement of the '170 patent.   Defendants successfully obtained dismissal of that claim and denial of leave to amend, which "operates as an adjudication on the merits." FED. R. CIV. P. 12(b)(6); 41(b).   In doing so, Defendants "rebuff[ed] [HCM]'s attempt to effect a material alteration in the legal relationship of the parties," and therefore are the prevailing parties.   *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (internal quotation marks and citation omitted).

---

[6] Federal Circuit law controls the determination of a "prevailing party in the context of patent litigation."   *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996).

### B.   HCM's Meritless Infringement Position and Unreasonable Litigation Conduct Were "Exceptional"

Since filing, HCM's infringement position has been "exceptionally meritless" and its litigation conduct "unreasonable." *Octane Fitness*, 572 U.S. at 555.  As the Court found, HCM's allegations of combustion were "directly contradict[ed]" and "entirely refute[d]" by "the clear and unambiguous language" of the very documents which HCM attached to its Complaint and purported to rely on.  D.I. 42 at 22; D.I. 52 at 4, 13.   As a result, HCM's claim of infringement was dismissed as "implausible" at the earliest possible opportunity.  D.I. 42 at 4, 23.  The "substantive strength of [HCM]'s litigating position" could not be lower.  *Octane Fitness*, 572 U.S. at 554.

A meritless infringement claim is "exceptional" when "the exercise of even a modicum of due diligence by [HCM], as part of a pre-suit investigation, would have revealed the weaknesses in its litigation position." *Blackbird Tech LLC v. Health in Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019).  That is so here, where "the most basic pre-suit investigation" into the publicly available information regarding IQOS' FDA authorization "would have shown that the accused [combustion] feature" did not exist in IQOS.  *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 481 (Fed. Cir. 2016) (internal quotation marks and citation omitted).  Indeed, as the Court noted, the "clear and unambiguous language" of Exhibits B and J—attached

by HCM to HCM's Complaint—refutes any allegation that IQOS combusts.  D.I. 42 at 22; D.I. 1-10 at 20, 41 (stating that "[n]o combustion takes place" in IQOS, and "several lines of evidence demonstrate[e] that there is no combustion").

HCM's conduct, unfortunately, is more egregious than a mere lack of an adequate pre-suit investigation.  As the Court explained, HCM actively "cherry-pick[ed]" quotes from Exhibit J that it thought supported its case, "without fairly reading the clear thrust of the document regarding combustion—i.e., that no combustion is involved."  D.I. 42 at 17.  In other words, this is not a case in which HCM merely failed to conduct adequate research into the functionality of IQOS (which alone is sufficient to make the case exceptional, *Blackbird*, 944 F.3d at 916).  Worse, HCM *did* conduct that research, obtained evidence that "entirely refuted" its allegations, and then *submitted that evidence to the Court*, actively disregarding that its evidence refuted its allegations of infringement.  Such conduct moves beyond "simple negligence" and into "studied ignorance."  *Eltech Systems Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990) (awarding fees under § 285 for filing and maintaining a patent infringement suit that plaintiff knew, or should have known, "is baseless").  In such cases, the Federal Circuit has found that it would be an abuse of discretion *not* to award fees.  *See AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360-62 (Fed. Cir. 2017) (holding that where plaintiff's "litigation

position was baseless . . . the district court abused its discretion in denying [defendant]'s motion for fees"); *Rothschild Connected Devices Innovations, LLC v. Guardian Protective Servs., Inc.*, 858 F.3d 1383, 1388 (Fed. Cir. 2017) (reversing denial of motion for attorneys' fees, as abuse of discretion, where patentee made "incongruent" and "inconsistent" statements evidencing "willful ignorance" of key facts).

Separate and apart from its apparent lack of pre-suit investigation and its cherry-picking of Exhibit J, HCM's internally contradictory infringement argument is similar to those that have repeatedly resulted in awards of attorneys' fees. *See, e.g., Bayer CropScience AG v. Dow AgroSciences LLC*. 851 F.3d 1302 (Fed. Cir. 2017) (affirming award of attorney fees). In *Bayer*, plaintiff's arguments "were directly contradicted by the record evidence" it had obtained, yet it "marched onward with a view of its case that was not supported by" that evidence. *Id.* at 1306-07. The *Bayer* court explained that, like here, such "direct contradict[ion]" made the case exceptional, unlike other unsuccessful cases where there might have been a "colorable dispute" over the evidence. *Id.*

HCM's infringement allegations were "directly contradicted" by Exhibits B and J, and yet it insisted on proceeding with a theory of the case that was not supported by—and in fact was refuted by—those exhibits. D.I. 52 at 13; *see* D.I. 42

11

at 15.  By "litigating this case in the face of evidence that contradict its contorted reading" of key documents, HCM has demonstrated the sort of "objectively unreasonable" conduct that deserves a finding of exceptionality.  *Bayer*, 851 F.3d at 1306; *see also Cartner v. Alamo Group, Inc.*, 561 F. App'x. 958, 967 (Fed. Cir. 2014) (affirming award of § 285 fees where patentee's position was "contradicted by [his] own argument" and "frivolous"); *Route1 Inc. v. AirWatch LLC*, Civil Action No. 17-cv-331 (KAJ) 2020 WL 1955436, at *3 (D. Del. Apr. 23, 2020) (awarding §285 fees where patent owner took "contradictory positions" that undermined their infringement claim).

### C.      The Court Should Award $639,043 Under § 285

Defendants request the Court to award them approximately $639,043 in attorneys' fees and non-taxable expenses which they incurred in defending against HCM's objectively baseless infringement claim.    That number represents approximately $318,732 incurred by PMPSA ($245,732 by Latham & Watkins LLP, and $73,000 by Fellows LaBriola LLP) and approximately $320,311 incurred by PMUSA ($307,459 by Weil, Gotshal & Manges, LLP, and $12,852 by AddyHart P.C.).[7]  "The purpose of Section 285 is to reimburse a party injured when forced to

---

[7] These amounts represent a "fair estimate" of the amounts sought by Defendants, as shown in the attached Declarations of Richard G. Frenkel, Elizabeth S.

undergo an 'exceptional case.'" *Mathis v. Spears*, 857 F.2d 749, 753 (Fed. Cir. 1988). "The injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed." *Id.* (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-19 (1975)). This case has been exceptional from the outset because HCM's infringement allegations were refuted by the original November 30, 2020 Complaint. Consequently, Defendants' request represents the fees directly incurred in defending this case from November 30, 2020 through December 3, 2021, when the Court denied HCM leave to amend.

Although the Court may later evaluate the specific reasonableness of Defendants' fee petition in accordance with the "detailed specification and itemization of the requested award, with appropriate affidavits," as provided by LR 54.2, the approximate amounts of $318,732 and $$320,311 in attorneys' fees which

---

Weisswasser, Henry D. Fellows, Jr., and Charles A. Pannell, III (Exhibits 1-4). FED. R. CIV. P. 54(d)(2)(B); LR 54.2. Defendants will provide the Court with a "detailed specification and itemization of the requested award, with appropriate affidavits" within 30 days of filing this motion, as provided by LR 54.2. Defendants respectfully submit that the Court need not wait for that submission to decide the issue of liability for fees. FED. R. CIV. P. 54(C) (the Court "may decide issues of liability for fees before receiving submissions on the value of services.").

Defendants note that the amount of fees sought excludes those associated with the *inter partes* review petition challenging the validity of the '170 patent or the review of HCM's curious stock trading volume and activity during the pendency of the lawsuit.

Defendants PMPSA and PMUSA seek are reasonable on their face.  Significantly larger awards have routinely been deemed reasonable under § 285.  *See, e.g., Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1368 (Fed. Cir. 2013) (affirming $8,419,429 fee award); *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1385 (Fed. Cir. 2021) (affirming $5,259,731 fee award).  That remains true even for cases that were resolved at the relatively early stages of litigation.  *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 974 (Fed. Cir. 2017) (affirming $1,021,614 fee award for case resolved on motion to dismiss); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377 (Fed. Cir. 2017) (affirming $931,000 fee award for case resolved on 12(c) motion).

The Court may calculate "a presumptively reasonable fee amount" using the lodestar method "by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case."  *Lumen View*, 811 F.3d at 483. First, Defendants' counsels' hourly rates are presumptively reasonable, because "when a client and an attorney have contracted for services at a particular rate, that rate is a strong indication of a reasonable rate."  *Griffith v. McDonough*, No. 20-14464, 2021 WL 4461605, at *1 (11th Cir. Sept. 29, 2021) (affirming reasonableness of agreed-upon rates) (citation and internal quotation marks omitted); *see Willis v.*

*U.S. Postal Serv.*, 245 F.3d 1333, 1340 (Fed. Cir. 2001) (noting that agreed-upon rates are "evidence that the contract rates are consistent with local market rates, because the client freely agreed to pay the rates by entering into the contract.") "What [an attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11ᵗʰ Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Second, the number of hours in Defendants' request is reasonable. As will be detailed in their forthcoming affidavits, Defendants request fees only for time spent by counsel on standard litigation tasks performed directly in response to HCM's infringement allegations, such as analyzing HCM's allegations, conducting necessary factual investigation and legal research, and drafting correspondence, motions, and oppositions in response to HCM's allegations and filings. When a prevailing party "has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).[8]

---

[8] To the extent Plaintiff disputes the reasonableness of Defendants' fees, Defendants will seek discovery of Plaintiffs' fees/hours. *See Serricchio v. Wachovia Sec., LLC*, 258 F.R.D. 43, 47 (D. Conn. 2009) (evidence of opposing counsel's fees is a "useful measure" of whether the requested fees are reasonable); *Henson v. Columbus Bank*

Defendants respectfully request that, should the Court determine HCM is liable for Defendants' attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise,[9] it specify if further submissions beyond redacted itemized task entries would assist the Court.

## V.   **CONCLUSION**

Pursuant to 35 U.S.C. § 285, Defendants request that the Court award Defendants attorneys' fees and non-taxable expenses in the approximate total of $318,732 to PMPSA and $320,311 to PMUSA, and any other relief the Court deems just.

Dated:  December 16, 2021                      Respectfully Submitted,


*s/ Henry D. Fellows, Jr.*                         *s/ Charles A. Pannell, III*

---

*& Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985) (district court abused its discretion by not allowing discovery of opposing counsel fees to evaluate reasonableness).

[9] Other bases on which the Court may award attorneys' fees include Rule 11(b); 28 U.S.C. § 1927, and the Court's inherent authority.  *See, e.g., Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1247 (Fed. Cir. 2003) (applying Eleventh Circuit law, affirming fee award under both § 285 and § 1927 where plaintiff "never even articulated a viable infringement theory"); *Pirri v. Cheek*, 851 F. App'x 183, 192 (Fed. Cir. 2021) (in patent case, affirming fee award under § 285, § 1927, and the Court's inherent authority); FED. R. CIV. P. 11(b).

Henry D. Fellows, Jr.
Georgia Bar No. 2576825
Michael C. Gretchen
Georgia Bar No. 522171
FELLOWS LABRIOLA LLP
Suite 2300
South Tower Peachtree Center
225 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 586-9200
hfellows@fellab.com

Maximilian A. Grant
 (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
maximilian.grant@lw.com
Richard G. Frenkel
 (admitted *pro hac vice*)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 463-3080
rick.frenkel@lw.com

*Counsel for Defendant Philip Morris
Products S.A.*

Charles A. Pannell, III
ADDYHART, P.C.
Suite 130
10 Glenlake Parkway
Atlanta, GA 30328
Telephone: (770) 715-2020
cpannell@addyhart.com

Elizabeth S. Weiswasser
(admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8159
elizabeth.weiswasser@weil.com

*Counsel for Defendant Philip Morris
USA, Inc.*

## **7.1(D) CERTIFICATION**

Counsel for the Defendant Philip Morris USA, Inc. hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ *Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2021, a copy of the foregoing was filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all counsel of record.

/s/ *Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.
*Counsel for Defendant Philip Morris Products S.A.*