**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HEALTHIER CHOICES MANAGEMENT CORP., | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-04816-TCB |
| PHILIP MORRIS USA, INC. and PHILIP MORRIS PRODUCTS S.A., | |
| Defendants. | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFER DEADLINE FOR FILING OBJECTIONS

The Court should reject Plaintiff Healthier Choices Management Corporation's ("HCM") attempt to delay a full and complete adjudication of this action, and deny HCM's motion to "defer" the deadline to object to Defendants' evidence supporting their request for attorneys' fees (D.I. 70, "Motion").

Following the Court's dismissal of HCM's complaint, and the Court's denial of HCM's motion to amend its complaint, Philip Morris USA, Inc. and Philip Morris Products S.A. (collectively, "Defendants") timely filed a motion to find this case "exceptional" and award attorneys' fees under 35 U.S.C. § 285.  D.I. 58.  Shortly thereafter, in accordance with Local Rule 54.2(A)(2), Defendants filed declarations

and exhibits from counsel providing "detailed specification and itemization" of their billing entries, along with additional evidence that demonstrates the reasonableness of their requested fees.  D.I. 67.

Defendants respectfully submit that the Court should rule on that motion as soon as practicable, so that any appeal from the Court's ruling on fees can be consolidated at the Federal Circuit with HCM's already-pending appeal from the Court's dismissal of HCM's complaint.  That approach will provide a single and efficient appellate case that avoids piecemeal appeals and permits the Federal Circuit to consider the entire record of this litigation in context.  *See Keith Manufacturing Co. v. Butterfield*, 955 F.3d 936, 939 (Fed. Cir. 2020) (noting that Federal Rule of Civil Procedure 54(d), governing motions for attorneys' fees, exists "for the prudential purposes of minimizing piecemeal appellate litigation" between "fees" and "merits").

Defendants' approach is consistent with "the weight of authority" when evaluating motions under § 285: "the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than [defer]."  *Personal Web Techs., LLC v. EMC Corp.*, 2020 WL 15574411, at *1-2 (N.D. Cal. Apr. 1, 2020); *see also Spitz Techs. Corp. v. Nobel Biocare USA LLC*, 2018 WL 6016149, at *2 (C.D. Cal. Aug. 13, 2018) (denying motion to defer calculation of attorneys' fees in

part because "judicial economy is better served by determining attorneys' fees promptly" such that "the Federal Circuit has the opportunity to consider any appeal of the calculation at the same time as the appeal on the merits").

HCM's Motion, by contrast, proposes that the Court "defer" determining whether attorneys' fees are warranted until after HCM's appeal, and then "defers" again any submissions relating to the amount of attorneys' fees.  Motion at 2; D.I. 69, at 8-12.  In essence, HCM proposes that:

1) the Court ignore Defendants' existing motion, declarations, and exhibits while the Federal Circuit addresses only HCM's appeal of the Court's dismissal;

2) following the Federal Circuit's ruling, this Court consider and rule on whether attorneys' fees are warranted;

3) following *that* ruling, HCM belatedly object to Defendants' declarations and exhibits, and the Court consider and rule on the amount of attorneys' fees due; and

4) following *that* ruling, this Court's fees ruling be appealed back to the Federal Circuit.

Motion at 2; D.I. 69, at 8-12.  HCM's proposal is the very definition of "piecemeal" litigation and appeals.  *Keith Manufacturing Co.*, 955 F.3d at 939.

HCM's argument that splitting this already-completed litigation into four stages and multiple appeals spanning years will "conserv[e] the parties' and the Court's limited resources," Motion at 2, is flawed.  The Federal Circuit has expressly rejected HCM's suggested approach.  In *Orenshteyn v. Citrix Systems, Inc.*, an appeal stemming from within the Eleventh Circuit, the Federal Circuit stated that:

> The prudential way to avoid "piecemeal appeals" is for the district court to ***"promptly" hear and decide claims for attorney's fees***; "such practice normally will ***permit appeals from fee awards to be considered together with any appeal from a final judgment*** on the merits."

691 F.3d 1356, 1363 (Fed. Cir. 2012)[1] (quoting *White v. New Hampshire. Dep't of Emp't Sec.*, 455 U.S. 445, 454 (1982)).  The Advisory Committee Notes to Federal Rule 54 confirm the appellate Court's holding:

> In many nonjury cases the court will want to consider attorneys' fee issues ***immediately after rendering its judgment*** on the merits of the case. …  Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind.  It also enables the court in appropriate circumstances ***to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits*** of the case.

1993 Advisory Committee Notes to FED. R. CIV. P. 54.  HCM's proposed "deferral"

---

[1] All emphases added unless otherwise noted.

4

is the opposite of "prudential," and runs afoul of the Supreme Court's caution that "piecemeal appeals of merits and fee questions generally are undesirable." *White*, 455 U.S. at 452 n.14.

HCM goes on to argue that deferring its deadline to object to Defendants' declarations and exhibits is warranted because courts "routinely … bifurcate[]" liability for attorneys' fees from the quantification of a fee award. Motion at 2. The Federal Circuit disagrees and has cautioned otherwise. "[B]ecause the grounds for determining that a case is exceptional and for fixing an amount of the attorney fees are related, ***it is efficient to review them together***." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).

Even HCM's own cited case law demonstrates that courts just as often, if not more often, adjudicate entitlement to and quantification of attorneys' fees together. For example, HCM cites *Pergo (Europe) A.B. v. Stanley Black & Decker, Inc.* as allegedly supporting bifurcation because "Plaintiff must object with reasonable precision to *each* of Defendants' myriad time entries that are deficient." Mot. at 2, 4. It is hard to credit that argument because the court in *Pergo* (i) found that the case was exceptional, and (ii) determined the amount of attorneys' fees to award, *at the same time, without bifurcation*—the opposite of what HCM asks this Court to do. 2018 WL 3949746, at *4, 12 (N.D. Ga. May 7, 2018) (finding case exceptional and

awarding $376,915.50 in fees).

*Pergo* is no outlier.  Numerous cases in this district demonstrate that the Court should evaluate both (i) liability for, and (ii) quantification of attorneys' fees together, without "defer[ring]."  *See, e.g.*, *Lamb v. Clayton County School District*, 2021 WL 5765912, at *2 (N.D. Ga. Nov. 9, 2021) (resolving entitlement to, and quantification of, attorneys' fees in the same order, and rejecting request to defer "time to respond to any subsequent affidavits."); *Gallo v. Colvin*, 2016 WL 5899313, at *2-3 (N.D. Ga. Oct. 11, 2016) (resolving entitlement to, and quantification of, attorneys' fees in the same order);  *Eason v. Bridgewater & Associates, Inc.*, 108 F.Supp.3d 1358, 1365-66 (N.D. Ga. June 9, 2015) (same); *Jaraysi v. City of Marietta, Georgia*, 2014 WL 12799081, at *5 (N.D. Ga. Oct. 2, 2014) (same); *Wetherington v. Ameripath, Inc.*, 2013 WL 1207825, at *8, 13 (N.D. Ga. Mar. 27, 2013) (same).

Consistent with the above-cited law, the Court should deny HCM's motion to "defer" any deadlines related to Defendants' motion for attorneys' fees.  HCM should promptly submit any objections it may have to Defendants' evidence, so that the Court may rule on Defendants' motion and avoid piecemeal litigation by allowing HCM's appeal of the Court's dismissal ruling to be heard by the Federal Circuit in context with the Court's attorneys' fees decision.

Dated:  January 24, 2022                    Respectfully submitted,

*/s/ Henry D. Fellows, Jr.*                 */s/ Charles A. Pannell, III*
Henry D. Fellows, Jr.                       Charles A. Pannell, III
Michael C. Gretchen                         ADDYHART, P.C.
FELLOWS LABRIOLA LLP                        Suite 130
Suite 2300                                  10 Glenlake Parkway
South Tower Peachtree Center                Atlanta, GA 30328
225 Peachtree Street, N.E.                  Telephone: (770) 715-2020
Atlanta, GA 30303                           cpannell@addyhart.com
Telephone: (404) 586-9200
hfellows@fellab.com
                                            W. Sutton Ansley
                                            (admitted *pro hac vice*)
Maximilian A. Grant                         WEIL GOTSHAL & MANGES, LLP
  (admitted *pro hac vice*)                 2001 M Street, NW, Suite 600
LATHAM & WATKINS LLP                        Washington, DC 20036
555 Eleventh Street, N.W.                   Telephone: (202) 682-7000
Suite 1000                                  sutton.ansley@weil.com
Washington, DC 20004
Telephone: (202) 637-2200
maximilian.grant@lw.com                     Elizabeth S. Weiswasser
Richard G. Frenkel                          (admitted *pro hac vice*)
  (admitted *pro hac vice*)                 WEIL, GOTSHAL & MANGES LLP
LATHAM & WATKINS LLP                        767 Fifth Avenue
140 Scott Drive                             New York, NY 10153
Menlo Park, CA 94025                        Telephone: (212) 310-8159
Telephone: (650) 463-3080                   elizabeth.weiswasser@weil.com
rick.frenkel@lw.com

                                            *Counsel for Defendant Philip Morris*
                                            *USA, Inc.*

*Counsel for Defendant Philip*
*Morris Products S.A.*

## **7.1(D) CERTIFICATION**

Counsel for the Defendant Philip Morris USA, Inc. hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ *Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2022, a copy of the foregoing was filed with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all counsel of record.

/s/ *Henry D. Fellows, Jr.*
Henry D. Fellows, Jr.
*Counsel for Defendant Philip Morris Products S.A.*