IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEALTHIER CHOICES MANAGEMENT CORP., | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:20-cv-4816-TCB |
| PHILIP MORRIS USA, INC. and PHILIP MORRIS PRODUCTS S.A., | |
| Defendants. | |

**O R D E R**

This case comes before the Court on Plaintiff Healthier Choices Management Corporation's motion [70] to defer its deadline to object to Defendants Philip Morris USA, Inc. and Philip Morris Products S.A.'s supplemental affidavits and billing records in support of their motion [58] for attorneys' fees. Also before the Court is Defendants' motion [68] for leave to file under seal their declarations and exhibits in support of their motion for attorneys' fees. As an initial matter, for good cause shown, Defendants' motion [68] to seal will be granted.

On December 3, 2021, the Court denied [52] Plaintiff's motion to amend its previously dismissed complaint. On December 14, Plaintiff appealed the Court's decision to the Court of Appeals for the Federal Circuit.

On December 16, Defendants filed their motion [58] for attorneys' fees pursuant to 35 U.S.C. § 285, and on January 18, 2022, Defendants filed their declarations and exhibits in support of their motion for fees.

Plaintiff now asks this Court to defer its deadline to respond and object to Defendants' specific declarations and exhibits. In support of their motion, Plaintiff argues that the Court need not decide whether attorneys' fees are warranted—much less the amount of fees warranted—while the case's dismissal is on appeal.

Defendants oppose a deferral, arguing that courts routinely decide requests for attorneys' fees while cases are on appeal. Further, they argue, promptly deciding their motion for attorneys' fees—as to both merit and amount—helps avoid piecemeal appeals and promotes the efficient resolution of the case. The Court agrees.

"[T]he weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Pers. Web Techs., LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 WL 1557441, at *1 (N.D. Cal. Apr. 1, 2020) (quoting *Sport Dimension, Inc. v. Coleman Co.*, No. CV 14–00438 BRO, 2015 WL 10013784, at *3 n.1 (C.D. Cal. June 4, 2015)). "The prudential way to avoid 'piecemeal appeals' is for the district court to 'promptly' hear and decide claims for attorneys' fees." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1363 (Fed. Cir. 2012) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982)).

Rather than postpone a decision on attorneys' fees—a decision that would likely itself be appealed—the Court instead chooses to avoid piecemeal rulings and appeals and will decide the motion for attorneys' fees in due course.

Accordingly, Plaintiff's motion [70] to defer is denied. Plaintiff shall have fourteen days from the date of this Order to respond to

3

Defendants' declarations and exhibits in support of their request for attorneys' fees. Additionally, Defendants' motion [68] to seal is granted.

IT IS SO ORDERED this 24th day of January, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge